**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

BAPTIST MEMORIAL HOSPITAL –
DESOTO, INC.,                                                                                        PLAINTIFF,

VS.                                                                    CIVIL ACTION NO. 2:05CV166-P-B

CRAIN AUTOMOTIVE, INC.; NOVASYS
HEALTH NETWORK, LLC; and
CORESOURCE, INC.,                                                                              DEFENDANTS.

**ORDER**

These matters come before the court upon Baptist Memorial Hospital – Desoto, Inc.'s Motion for Summary Judgment [82-1], Coresource, Inc.'s Motion to Dismiss [35-1], and Novasys Health Network, LLC's Motion to Dismiss or in the Alternative Motion for Summary Judgment [85-1]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

**A. Hospital's Motion for Summary Judgment**

Having considered the plaintiff hospital's motion for summary judgment exhaustively, the court concludes that summary judgment should be denied.

First, the plaintiff's Complaint confined its causes of actions to (1) recovery of assigned plan benefits against defendants under 29 U.S.C. § 1132(A)(1)(B) ("A civil action may be brought by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."); and (2) an award of attorneys' fees and costs against defendant pursuant to 29 U.S.C. § 1132(g)(1). Nowhere in the Complaint does the plaintiff alleged any additional causes of action –

*e.g.*, state law actions such as breach of contract. In any event, such state law claims would be completely preempted by ERISA since the beneficiary under the subject Plan assigned his rights to the Hospital "under the terms of his plan." 29 U.S.C. § 1132(A)(1)(B); *Hermann Hospital v. MEBA Med. & Ben. Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988) (ERISA preempts an action to recover benefits under an ERISA plan when the beneficiary assigned his rights thereunder to the plaintiff hospital). Therefore, all of the plaintiff's arguments regarding breach of contract claims against any of the defendants are without merit since they were not pled and would be preempted by 29 U.S.C. § 1132(A)(1)(B).

Second, even if this action were characterized as one alleging breach of contract against the Crain Plan, Coresource (the third-party administrator of the Crain Plan), and Novasys (the Preferred Provider Organization providing the network), the law in Mississippi does not support the plaintiff hospital's argument that all of the contracts between the various entities create a single contract binding Coresource and Novasys to actually fund the bill currently owed to the hospital. Although the Mississippi Supreme Court in *Phillips Petroleum Company v. Stack,* 231 So.2d 475, 481 (Miss. 1970) ruled that "[w]here several instruments are made a part of a single transaction they will all be read and construed together as evidencing the intention of the parties in regard to the single transaction," there is nothing in *Phillips* that clearly allows for several instruments to create a single transaction when different parties are involved. This is distinguished from the situation in in *Baylor University Medical Center v. Epoch Group, LC*, 340 F.Supp.2d 749, 754 (N.D.Tex. 2004) since Texas law specifically allows multiple instruments to constitute one agreement "even if the instruments 'are not between the same parties.'"

In this case, there are the following agreements: (1) the assignment of benefits agreement in

which Dennis Brown, the Crain Plan's beneficiary, agreed to assign his rights "under all applicable policies of insurance or health plan(s)" (Section IX(B)) to the hospital; (2) the Hospital Participation Agreement between the hospital and Baptist Health Services Group of the Mid-South ("BHSG," who is not a party to this lawsuit); (3) the Preferred Provider Agreement between Novasys and BHSG; (4) the Third Party Administrator (TPA) Agreement between Novasys and Coresource; (5) the agreement between the Crain Plan and CoreSource; and (6) the terms of the Crain Plan itself.

Importantly, there is no contract between the plaintiff hospital and either Coresource or Novasys. The only contractual agreement between the plaintiff hospital and the Crain Plan is the rights under the plan assigned to the hospital by the beneficiary, Dennis Brown.

Third, even if Coresource and Novasys were determined to be contractually bound to the plaintiff hospital, neither of them are bound by the contractual language to actually fund the bill. In Paragraph 6.6 of the Preferred Provider Agreement between Novasys and BHSG, Novasys agrees to "assure the Payer [Crain Plan] shall make all payments due to [Hospital] within thirty (30) days ... [or] the discount ... shall be waived, and the [Hospital] shall be entitled to the full amount of its usual and customary charges...." This language clearly indicates that if the bill is not paid within thirty days, the only consequence is that the Crain Plan will have to pay the non-discounted rate. Nowhere does this agreement suggest that non-payment within thirty days or non-payment in general results in Novasys itself to fund the bill. Similarly, Paragraph 1.4 of the Third Party Administrator (TPA) Agreement between Novasys and Coresource states in pertinent part that Coresource agrees to "provide payment to [Hospital] ... within thirty (30) days .... Payments issued after ... shall be at the [Hospital's] usual and customary charges." Again, nothing in this language suggests that Coresource has to actually fund the bill.

3

Fourth, there are genuine issues of material fact with regard to the exact amount of the bill currently expected by the hospital. First, the hospital alleges that the non-discounted rate owed is $41,316.95. Crain points out that the charges on the UB-92 claim form are $41,091.05 while the itemized bill says $41,316.95. Second, the discounted amount (prior to the expiration of the thirty day deadline) appears to be at issue. Crain points out that the hospital initially reduced the bill by $10,272.99 which is an approximately 25% discount, yet later the hospital claimed the amount should have only been discounted by 15%.

Fifth, since the court concludes that the plaintiff hospital, as assignee of the beneficiary's rights, are subject to the terms of the Crain Plan (both under 29 U.S.C. § 1132(a)(1)(B) and under the terms of the actual assignment quoted above), there is a genuine issue of material fact as to whether the hospital's charges were unreasonable, excessive, or non-customary. The hospital's expert and Rule 30(b)(6) representative, Paul Trower, and the hospital's CFO Micki Benefield both argue that the charges were reasonable. However, Crain's expert, Robert Frost, argues that the charges, both the discounted and non-discounted amounts, were approximately 50% too high.

Since no jury demand has been made, and since a suit under § 1132(a)(1)(B) does not allow for a jury, a bench trial is necessary to determine these issues of material fact. Therefore, summary judgment as to Crain should be denied.

**B. Coresource and Novasys' Motions to Dismiss**

1. Coresource's Motion to Dismiss and to Recover Attorneys' Fees and Costs

Coresource moves for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that Coresource cannot be held liable for funding the bill owed by the Crain Plan to the hospital because Coresource has no contractual obligation to the hospital to do so. Coresource also

moves for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.").

The plaintiff argues that since Coresource refers to matters outside the pleadings, the motion to dismiss should be converted to a Rule 56 summary judgment motion.

Rule 12(b) provides in pertinent part that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56

However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Furthermore, "when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." *Horne v. Time Warner Operations, Inc.*, 119 F.Supp.2d 624, 627 n. 4 (S.D.Miss. 1999), *aff'd* 228 F.3d 408 (5th Cir. 2000) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1327, 762-63 (1990)).

The plaintiff attached two agreements to the Complaint: (1) the Preferred Provider Agreement between BHSG and Novasys; and (2) Dennis Brown's assignment of his rights under the Crain Plan to the hospital. Coresource argues that their attachment of records of communication between the hospital and Coresource and Crain are expressly referenced in the Complaint in paragraphs 18-26. Coresource also asserts that the Third Party Administrator (TPA) Agreement

between Crain and Coresource does not convert their 12(b)(6) motion into one for summary judgment because the TPA Agreement is a pertinent document to the allegations in the plaintiff's Complaint.

The court agrees with Coresource that the aforementioned attached documents are not "matters outside of the pleadings" that convert their 12(b)(6) motion into a Rule 56 motion. The Preferred Provider Agreement between BHSG and Novasys and Dennis Brown's assignment were already attached to the Complaint. The records of communication between the hospital and Coresource and Crain were expressly referenced in the Complaint. The TPA Agreement is indeed pertinent to the hospital's basic allegations in the Complaint since this agreement is the basis of the hospital's claims against Coresource.

Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir.2000). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004).

Mindful of these authorities, the court concludes that Coresource's 12(b)(6) motion should be granted. The Complaint limits the hospital to recovery of assigned plan benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B) and attorneys' fees pursuant to § 1132(g). Nowhere in the Complaint does the plaintiff seek recovery under any other theory, including breach of fiduciary duty or state claims such as breach of contract. In any event, as discussed above, the hospital is limited to recovery under § 1132(a)(1)(B) rather than under state law claims since the former completely preempts the latter given the beneficiary in this case assigned his benefits under the Plan to the hospital. *Hermann Hospital,* 845 F.2d at 1290.

No motion to amend the complaint has been filed. This leaves the question of whether the hospital can prove any set of facts that would render Coresource liable under § 1132(a)(1)(B) or § 1132(g) to actually fund the bill owed to the hospital. The hospital has pointed to no contractual language binding Coresource *to the hospital* which requires Coresource to actually fund payments owed to the hospital by the Crain Plan. Indeed, the hospital does not dispute that there is no actual agreement between Coresource and the hospital other than an argument that all of the subject agreements constitute one agreement binding everyone to everyone – an argument the court has rejected as a matter of law above. Furthermore, there is no dispute that there is no actual contract between Coresource and the beneficiary. This is important because the plaintiff only has the same rights at the beneficiary given the assignment.

Even had it considered Coresource's motion as one for summary judgment, the court would have reached the same conclusion given that the plaintiff has demonstrated no genuine issue of material fact that would lead a reasonable factfinder to find that Coresource can be held liable under § 1132(a)(1)(B) to fund the bill owed to the hospital.

7

Having considered Coresource's motion for attorney fees, the court in its discretion concludes that an award of attorneys' fees to Coresource are not appropriate.

2. Novasys' Motion to Dismiss or in the Alternative Motion for Summary Judgment

Novasys moves to dismiss under Rule 12(b)(6) or alternatively for summary judgment under Rule 56 arguing that the language cited by the hospital contained in the Preferred Provider Agreement between Novasys and BHSG (not the hospital) does not create a cause of action for the hospital against Novasys under § 1132(a)(1)(B). As quoted above, Paragraph 6.6 of that agreement provides in pertinent part that Novasys agrees to "assure the Payer [Crain Plan] shall make all payments due to [Hospital] within thirty (30) days ... [or] the discount ... shall be waived, and the [Hospital] shall be entitled to the full amount of its usual and customary charges...." This language does not create a duty to actually fund the bill owed to the hospital. Rather, the consequence for not "assuring" paying is made within thirty days is losing the negotiated, discount rate.

For the same reasons discussed above with regard to Coresource's 12(b)(6) motion to dismiss, the court concludes that Novasys' motion to dismiss should be granted. The Complaint limits itself to recovery of benefits in the place of Dennis Brown, the beneficiary of the Crain Plan, pursuant to § 1132(a)(1)(B) and attorneys' fees based thereon under § 1132(g). There are no other claims pled. Having considered the Preferred Provider Agreement, which was indeed attached to the Complaint, the court finds that no set of facts could be proven to find Novasys ( the managed care organization that provides the Crain Plan, through its third-party administrator Coresource, the network of preferred providers) liable to actually fund the bill owed to the hospital. There is no contract between Novasys and the hospital, nor is there a contract between Novasys and Dennis Brown, the beneficiary into whose shoes the hospital stands in this lawsuit under § 1132(a)(1)(B).

Alternatively, the court would reach the same result with regard to Novasys under Rule 56 standards given that there is no genuine issue of material fact that would allow a reasonable jury to determine that Novasys can be held liable under § 1132(a)(1)(B) to actually fund the bill owed to the hospital even considering the facts in a light most favorable to the plaintiff.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Baptist Memorial Hospital – Desoto, Inc.'s Motion for Summary Judgment [82-1] is **DENIED**;

(2) Coresource, Inc.'s Motion to Dismiss [35-1] is **GRANTED**;

(3) Novasys Health Network, LLC's Motion to Dismiss or in the Alternative Motion for Summary Judgment [85-1] is **GRANTED**; therefore,

(4) The plaintiff's claims against Coresource, Inc. and Novasys Health Network, LLC are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 17th day of October, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE