**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**BAPTIST MEMORIAL HOSPITAL –
DESOTO, INC.,**                                                          **PLAINTIFF,**

**VS.**                                          **CIVIL ACTION NO. 2:05CV166-P-B**

**CRAIN AUTOMOTIVE, INC.,**                                          **DEFENDANT.**

## ORDER

This matter comes before the court upon Crain Automotive, Inc.'s Motion in Limine to Preclude Testimony of Jackie Strain [105-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The motion is well-taken and should be granted.

On May 16, 2006 in response to Crain's Interrogatory No. 3 which asked the plaintiff to name all experts expected to testify in this matter, the plaintiff answered that "the Hospital has not made a determination regarding any expert it will call at the trial of this matter ...." and it indicated, but did not state with certainty that "it is expected that Jackie Strain will testify as to the reasonableness of the charges." In that same answer to Interrogatory No. 3, the plaintiff stated that "[o]nce a decision regarding expert witnesses has been made, the Hospital will supplement this response to the extent it is required to do so under the Federal Rules of Civil Procedure." The plaintiff did not supplement this answer.

The deadline to designate experts was July 5, 2006. On June 30, 2006, the plaintiff submitted its designations stating that **either** Jackie Strain **"or, as explained below"** Paul Trower. The plaintiff went on to explain that Jackie Strain, an employee of the plaintiff, was unavailable because she was

on medical leave from her position as the System Director of Revenue Process Analysis. Thus, by the July 5, 2006 expert designation deadline, it was not clear that the plaintiff had designated Jackie Strain with substantial certainty as an expert. The designation indicated that the expert would either be Strain or Trower, not both.

The discovery deadline in this matter was July 31, 2006. Strain remained unavailable until August 8, 2006 when she returned to work. However, it is undisputed that the defendant was not made aware of Strain's availability until on or about December 12, 2006 – three days before the pretrial conference set in this matter on December 15, 2006 – and well after the discovery deadline.

On December 6, 2006, nine days before the pretrial conference, over four months after the discovery deadline, and six months after the expert designation deadline, the plaintiff indicated on their first draft of the pretrial order that they would be calling both Strain and Trower as experts.

It is readily apparent that the plaintiff did not meet its deadlines with regard to using Strain as an expert witness. Simply put, the plaintiff did not definitively designate Strain as an expert witness by the July 5, 2006 deadline. It is patently unfair to allow the plaintiff to seek refuge in vague assertions that a given expert or perhaps another might be designated throughout the pretrial proceedings and well after the pretrial deadlines set in this matter. The court concludes that since Strain was never definitively designated as an expert before the deadlines discussed above, she is precluded from testifying as an expert. In any event, the hospital still has another expert, Trower, who they have admitted will testify to the same matters as Strain.

Furthermore, since it is undisputed that Strain does not have personal knowledge of the subject bill during the subject time frame, she may not testify as a fact witness such that she proffers testimony regarding the reasonableness of the bills in question. It is undisputed that the hospital has

recognized that such testimony is within the realm of Rule 702 expert testimony – as can be seen with their own motion in limine to exclude the testimony of Crain's reasonableness expert, Robert Frost. To allow Strain to testify to reasonableness of the bills as a fact witness would be to allow the hospital to get in the back door what they could not get through the front door. This is improper and the court will not allow it.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Crain Automotive, Inc.'s Motion in Limine to Preclude Testimony of Jackie Strain [105-1] is **GRANTED**; therefore,

(2) Any testimony by Jackie Strain regarding the reasonableness of the subject hospital bills is excluded whether given as an expert or a fact witness.

**SO ORDERED** this the 1st day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE